From this decree an appeal was made.
The defendants give notice, that they shall appeal from the decision of the Court of Equity in this case, and on the hearing of the appeal, shall submit the following grounds:
First, — That the will of the testator, D. E. Dunlap* was duly executed to pass his real estate.
Second, — «That tinder the Will, the specific legacies áre exempted from, the payment of debts, until the real estate descended, is exhausted ; and that the decree directing the application of the personal estate, specifically bequeathed for that purpose before a resort to the real estate is incorrect.
Third, — That the decree is incorrect in ordering a recision of the sales of the real estate made by the executors.
A. Blanding, defendant’s solicitor.
At the hearing of the appeal, the first and third grounds were given up by the counsel for the appellants $ and the second ground was argued.
After the argument, tiie court delivered the follow-, ing decree:
Several grounds of appeal were made in this css* *329 but some of them have been abandoned, and the only one insisted on is, that the decree has subjected to the payment of the debts of the testator, personal property specifically bequeathed by him, before lands which have descended to his heirs.
Hr. Blauding and Mr'. Heath for the appellant|'.
Mr. Hooker, for the respondents.
The question then is, whether the specific legacies, or the lands shall he first liable to the payment of the testator’s debts.
It is clear from all the authorities on the subject, that although the personal estate generally, is liable in the first instance- to the payment of debts, yet that a testator may, if he pleases, protect therefrom, any part of such estate, as against his heirs, or other representatives, either by specifically bequeathing the same, or by plainly manifesting his intention, that his lands shall be charged with such-payment. 1 P. Wms. 203, 678, 729. 1 Bro. C. C. 462.
In this case it appears that the legacies are not only specifically given, but that the testator has fully expressed his intention to charge his real estate with the payment of his debts. It is true that the will cannot operate as a disposition of his lauds, because it was not exe* euted conformably to the act, and this charge on ths lands may therefore be said to be void ; but this charge nevertheless amounts to a plain declaration of the testator, that the legacies given shall be exempt from the payment of his debts, and the will as to the legacies is valid and operative. It follows then, that the lands of the testator, which have descend-ed to his heii’s, must first be applied to the payment of bis debts, before the specific legacies can be broken in upon. The decree therefore'otg this point must be reversed.
W. James,
W. Thompson,
Henry W. Desaussue@5
Theodore Gaiuuard,
Thomas Waties.